UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-350 (MJD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Randy Omero Valle, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., The Flour Exchange, Suite 5010, 310 Fourth Avenue South, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following two pretrial motions:

1. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 36; and

2. Defendant's Motion for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview, ECF No. 37.

A hearing was held on May 31, 2024. *See* ECF No. 44. Assistant United States Attorney Thomas Hollenhorst appeared on behalf of the United States of America (the "Government"). Kenneth Udoibok appeared on behalf of Defendant Randy Omero Valle ("Defendant").

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY**

1

**ORDERED** as follows:

1. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 36, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government disclose any Rule 404(b) evidence immediately. ECF No. 36 at 2. The Government proposes disclosure three weeks before trial. Gov't's Resp. at 2, ECF No. 39. At the motions hearing, Defendant accepted the Government's proposal, Tr. 4:15-20, ECF No. 45. The Court noted the agreement between the parties and deemed Defendant's motion withdrawn. Tr. 4:22. Nevertheless, the Court grants in part and denies in part Defendant's motion for 404(b) evidence.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other

2

crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require the Government to "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Government's three-week proposal with respect to Rule 404(b) to be reasonable. Therefore, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(A).

2. Defendant's Motion for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview, ECF No. 37, is **DENIED AS MOOT**.

The Government represented at the motions hearing that there are no informants

involved in this case and therefore asked the Court to deny Defendant's request as moot. Tr. 5:8-17. Based on that representation made by the Government, Defendant withdrew its motion on the record. Tr. 5:8-17. Nevertheless, based on the representations made by the parties at the motions hearing, the Court denies Defendant's motion as moot.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: June 28, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Valle*,
Case No. 23-cr-350 (MJD/TNL)